Horner v. Horner.

## ISAAC HORNER

### v.

### ROSA HORNER.

*Negotiable Instruments — Note—Collection of—Injunction — Record— Amendment of—Practice.*

1. The power of a court to amend the record at a subsequent term is confined strictly to cases where there is something in the record to amend by, and to cases where it is patent on the face of the record that there has been a misprision or error of the clerk.

2. Where from the entire record it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, the court will act upon the presumption that the error is a clerical misprision rather than a judicial blunder, and the judgment will be set aside by an amendment *nunc pro tunc.*

3. The judge's recollection or knowledge will not suffice to authorize an amendment unless such recollection is supported by his minutes.

4. The mere recollection of the judge in such case is of no higher character than parol testimony, or affidavits of witnesses who swear to their recollection of what was said or done at the time the decree or judgment was ordered.

5. An amendment changing a decree from one on the merits, final in its character, to one dismissing a bill for want of jurisdiction, and leaving the merits for determination in an action at law, is a substantial and material alteration of the decree.

[Opinion filed July 9, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. Lorin C. Collins, Judge, presiding.

Mr. Allan C. Story, for appellant.

It is a familiar principle, and has been continuously adhered to in this State, that after the term at which a final judgment or decree is rendered, the court has no power over a judgment or final decree except to amend it in mere form, or to correct clerical errors. Co. Littleton, 260a; 3 Blackstone Com. 407; Goucher v. Patterson, 94 Ill. 525; Forquer v. Forquer, 19 Ill. 68; Cairo R. W. Co. v. Holbroke, 82 Ill. 419; Windett v. Hamilton, 52 Ill. 180; State Savings Institution v. Nelson, 49 Ill. 171; McKindley v. Buck, 43 Ill. 485; National Ins. Co. v. Chamber of Commerce, 69 Ill. 22; Powell, Appellate Proceedings, 387; Coursen v. Hixon, 78 Ill. 339; Barker v. Palmer, 83 Ill. 568; Smith v. McLean, 26 Ill. 246; Troutman v. Hills, 5 Ill. App. 396; County of Cook v. Calumet & Chicago Canal & Dock Co., 131 Ill. 505.

And the court can not amend judgments or decrees in matter of substance after the term in which they were rendered. County of Cook v. Dock Co., *supra;* Becker v. Salter, 89 Ill. 506; Lill v. Stookey, 72 Ill. 495.

The only amendments allowed by the law are those to correct a mere matter of form, and to correct the mistakes of officers. Cook v. Wood, 24 Ill. 295; Coughran v. Gutcherus, 18 Ill. 390.

And in all those cases where an amendment is allowed after the term, there must appear by the judge's minutes, or elsewhere in the record of such judgment or decree, "'something to amend by." The courts have never sanctioned an amendment two years after a decree, upon the recollection of the judge. To sanction such a practice would be to nullify the maxim, " The record of a court always imports absolute

verity;" or at least to amend it so as to read, "The record of a court always imports absolute verity, as the latest expressed recollection of the judge."

Mr. James A. Fullenwider, for appellee.

Moran, J. A bill was filed by appellee to restrain the collection or transfer of a certain promissory note given by her to appellant. The bill was answered and came to a hearing, and on January 18, 1888, a decree was entered, reciting that the case was heard on the pleadings and proofs, "and that after hearing the arguments of the respective counsel, and being fully advised in the premises, the court doth find that the complainant is not entitled to the relief prayed for in her said bill, amended bill and first supplemental bill. Wherefore, it is ordered, adjudged and decreed, that the complainant's bill, amended bill and first supplemental bill, be and they hereby are dismissed out of this court at complainant's cost, for want of equity," etc. On July 1, 1889, appellee filed a motion to amend said decree, and on January 20, 1890, an order was entered by the court, " upon hearing read the affidavits filed July 1, 1889, and the court having looked into the clerk's record, and having heard allegations and proofs and arguments of counsel, and being fully advised in the premises (having an independent remembrance thereof), it is ordered by the court that " the said decree of the January term, A. D. 1888, as recorded, be amended so as to make it read, "that the court doth find that the cause is properly cognizable in a court of law, and that this court has no jurisdiction of said cause, and therefore that the complainant is not entitled to the relief prayed for," etc. " Wherefore, it is ordered, adjudged and decreed, for want of jurisdiction, that the complainant's bill, etc., be, and they are hereby dismissed out of this court at complainant's costs for want of equity."

The power of the court to order this amendment of the decree on motion after the term had passed, without anything to base the amendment upon but the affidavits and the court's independent recollection, is brought in question by this appeal.

It is well settled that the power of a court to amend the

record at a subsequent term is confined strictly to cases where there is something in the record to amend by, and to cases where it is patent on the face of the record that there has been a misprision or error of the clerk.

Where from the entire record it clearly appears that the judgment as entered is not the sentence which the law ought to have pronounced upon the facts established by the record, the court will act upon the presumption that the error is a clerical misprision rather than a judicial blunder, and the judgment will be set aside by an amendment *nunc pro tunc.* Ives v. Hulse, 17 Ill. App. 30, and authorities there cited.

But the amendment here made is not of that class. The issue made by the pleadings warranted the decree as first entered, and the decree recites that it was made on hearing of evidence in open court. There is nothing whatever in the record to show that the decree entered is not the sentence which the law ought to have pronounced upon the facts. But the claim is that it is not the sentence which the court did in fact pronounce. On that point the decree itself must be taken as an absolute verity, unless there is in the record something to correct it by. The judge's recollection or knowledge will not suffice to authorize an amendment unless such recollection is supported by his minutes. In re Annie Barnes, 27 Ill. App. 151.

The mere recollection of the judge is of no higher character than parol testimony, or affidavits of witnesses who swear to their recollection of what was said or done at the time the decree or judgment was ordered. People v. Romero, 18 Cal. 89; Dougherty v. The People, 118 Ill. 160.

The latter case expressly held that an amendment of the record can not be made after the term, upon the testimony of witnesses as to their recollection of what occurred, and that a memorial paper or minute in the case is indispensable, and to amend by such it must be made and preserved as a part of the record. It is recited in the order appealed from, that the court looked into the clerk's record in the cause, but there is nothing to advise us that he found anything in the said record to amend by. By something to amend by, is meant " some

memorial paper or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known." Albers v. Whitney, 1 Story C. C. 310.

· The amendment was substantial and material and operated to change the decree from one on the merits, final in its character, to one dismissing the bill for want of jurisdiction, and leaving the merits for determination in an action at law. It is an alteration of the decree. In England, after the decree was enrolled, it could be altered or explained (except as to mere clerical errors) only upon appeal to the House of Lords, or upon a bill of review, and the matter could not be reheard by the judge who pronounced the decree, unless the petition to rehear or modify the decree was filed before the enrollment. The termination of the term at which the decree is entered, has the same effect on the power of the court to alter the decree as had the enrollment in England.

The court had no power to alter the decree in the manner shown by this record, and the order appealed from must therefore be reversed.

*Order reversed.*