## Marine Bank Company v. John B. Mallers.

1. PRACTICE—*Orders Nunc Pro Tunc.*—A *nunc pro tunc* order is usually made' because. something to be done should have been done earlier. What the effect of such an order will be upon the rights of third parties is a question upon which the court, in making this order, does not pass.

2. ASSIGNMENT OF ERRORS—*Absence of.*—Where the record contains no assignment of errors, the court may dismiss the appeal.

Assumpsit.—Appeal from the entry of a *nunc pro tunc* order dismissing the suit. Entered by the Superior Court of Cook County; the Hon. NATHANIEL C. SEARS, Judge, presiding. Submitted at the March term, 1895. Dismissed. Opinion filed April 4, 1895.

### STATEMENT OF THE CASE.

The Marine Bank Company filed a suit in assumpsit against John B. Mallers in the Superior Court of Cook County, on the 22d day of May, A. D. 1894. The defendant filed on July 5, 1894, a plea. Several months after, the plaintiff, without notice to the defendant, caused to be entered on the 9th day of November, A. D. 1894, an order which appeared on the record, as follows:

"On motion of plaintiff's attorney, it is ordered that this suit be and is hereby dismissed without costs."

At the same term at which the order of dismissal was entered, the defendant moved for an order setting aside the dismissal entered, on the ground that after the appearance and filing of pleas on the part of the defendant, an order of dismissal without costs could not be entered without notice to and leave had of the defendant. The attorney for plaintiff, in answer thereto, stated that it had been his intention to enter an order dismissing the suit at plaintiff's cost, and asked that the court enter a *nunc pro tunc* order, as of date of the original order dismissing the suit at plaintiff's cost. The court having heard the parties, entered the *nunc pro tunc* order, as asked by the plaintiff, and to this ruling defendant excepted and has taken this appeal.

Bryden v. Northrup.

Charles B. Stafford, attorney for appellant.

James C. Hutchins and Edwin Burritt Smith, attorneys for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The record here filed contains no assignment of errors, and we might for this reason dismiss the appeal.

We have, however, considered the brief filed by appellant, and find no sufficient reason for reversing the judgment of the court below. The power of the court to amend its record during the term can not be questioned.

*Nunc pro tunc* orders are usually made because something ordered should have been earlier done.

It clearly appeared to the court that the dismissal made November 9th, should have been at the costs of the plaintiff; such being the case, the court not only had the power during the term to correct the order it had made, but in its discretion to make the order of November 26th, *nunc pro tunc* as of the 9th. Ives v. Hulse, 17 Ill. App. 30; Horner v. Horner, 37 Ill. App. 199.

What the effect of a *nunc pro tunc* order will be upon the rights of third parties, is a question upon which the court in making the order does not pass, as it has not passed upon what the effect of this order will be upon collateral interest of the parties to this litigation. Black on Judgments, Secs. 136 and 137. The appeal is dismissed.