## Julia E. McCasland, James T. McCasland and David C. Lusk v. W. R. Allen and Claus Vieths.

1. PRACTICE—*No Exceptions Taken.*—Where no exceptions are taken to a master's report, either before the master or in the Circuit Court, it can not be assigned for error in the Appellate Court that the evidence was not sufficient to support the finding of his report or the decree based thereon.

2. MORTGAGE FORECLOSURE—*Moneys Advanced for Taxes.*—Where a mortgage provides that in a suit to foreclose it, the court may, "on motion of the plaintiff" allow the creditors all sums advanced for taxes, assessments, insurance, or for any other purpose in order to protect their security, "and the bill alleges that there is due the complainants" the taxes of the last year which the complainants have paid, it is sufficient to authorize in the decree the allowance of moneys advanced for such taxes.

3. DECREES PRO CONFESSO—*What They Amount to.*—Where a bill for foreclosure alleges that a party claims an interest in the mortgaged premises as a "subsequent grantee," a decree *pro confesso* against such party amounts to a finding that he is a subsequent grantee, whose rights are subordinate to those of the complainant, but who has nevertheless the right to redeem from a sale of the premises.

4. DECREES—*Parts Are to Be Harmonized.*—The parts of a decree should be harmonized and to this end courts will reject such words as appear to have been used inadvertently.

**Bill to Foreclose a Mortgage.**—Error to the Circuit Court of St. Clair County; the Hon. ALONZO S. WILDERMAN, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed September 6, 1895.

*Extract from the mortgage:*

" And the said mortgagors further agree and consent that in any suit to foreclose this mortgage, the court may, on the motion of the plaintiff and without regard to the solvency of the said debtors or the value of the said premises, appoint a receiver of the said premises, and may allow the said creditor not only all sums advanced for taxes, assessments, insurance, or for any other proper purpose in order to protect this security, with interest on such advances at the rate of eight per cent per annum, but also in addition to the taxable costs and disbursements, whatever moneys the said creditor may necessarily and reasonably pay or become liable for on account of the services of an attorney, solicitor or counsel in such suit, the said mortgagors hereby giving a lien upon the said premises for the same."

James W. Williams, attorney for plaintiffs in error Julia E. and James T. McCasland.

Jesse M. Freels and M. Millard, attorneys for plaintiff in error D. C Lusk.

When a party suffers a default he admits only what is well pleaded, and if other facts are necessary to support the decree, it will be erroneous. Wing v. Cropper, 35 Ill. 257; Gault v. Hoagland, 25 Ill. 266; Kaster v. Miller, 148 Ill. 195; Hannas v. Hannas, 110 Ill. 53.

A decree will be reversed on error where the allegations in the bill are insufficient to support its findings. Waugh v. Robbins, 33 Ill. 181.

The complainants are bound by the allegations of their bill and it was error to decree relief to a greater extent than they were entitled. Gold v. Ryan, 14 Ill. 53.

The decree should conform to the bill and not go beyond the case made by its averments. Hall v. Tawne, 45 Ill. 493.

A decree requiring the defendant to pay money not claimed in the bill will be reversed. Bryan v. McCord, 105 Ill. 459; Brown v. Howland, 98 Ill. 625; Marvin v. Collins, 98 Ill. 510; Walters v. Walters,132 Ill. 467; Gage v. Curtis, 122 Ill. 520; Morrison v. Smith, 130 Ill. 304.

" It is a fundamental principle of courts of equity to make as complete a decision upon all the points embraced in a cause as the case will admit," so as to preclude further litigation. 2 Dan. Chan. Prac., 1006.

The decree should determine " the rights of all the parties in the suit according to equity and good conscience." 1 Black on Judg., Chap. 1, Sec. 1, p. 3.

It must be final as to all and settle every right. Ibid., Secs. 23 and 24.

If a decree fails to make any disposition of the case, as to a party who has an interest, it will be erroneous. Pearce v. Pearce, 77 Ill. 284; see also, Barbour v. White, 37 Ill. 164; Dowe v. Rattle, 12 Ill. 373.

Cockrell & Moyers, attorneys for defendants in error,contended that no exception was filed before the master in chancery, nor was any taken or filed on the coming in of the master

McCasland v. Allen.

in chancery's report before the court. In Reigard v. McNeil, 38 Ill. 400, the Supreme Court of this State laid down the following doctrine : "No exceptions having been taken to the master's report in the court below, it can not be questioned for the first time in this court. If unsatisfactory, he should have excepted and had his exceptions heard in the court below, and if not allowed, then he could have assigned error on the decree of the court."

In Pennell v. Lamar Insurance Company et al., .73 Ill. 303, the Supreme Court again declared as follows : "It is first urged that to have been heard and determined in the court below, the exception to the allowance of the claim of plaintiff should have been taken before and disallowed by the master; that until such an exception is thus taken and disallowed, the parties can not be heard on exceptions in the Circuit Court. This is announced as the better practice in the cases of McClay v. Norris, 4 Gilm. 370, and Brockman v. Aulger, 12 Ill. 277."

If an attorney's fee can be allowed without a direct allegation in the bill where the mortgage itself is made a part of the bill and provides for an attorney fee, and this without testimony, as appears from this case, why not taxes or insurance be allowed under the covenants in the mortgage in question in like manner ? Under a general prayer for relief the court may grant relief appropriate to the facts. Isaacs v. Steele, 3 Scam. 97; Milan v. James, 105 Ill. 194; Hubbard v. U. S. Mortgage Company, 14 Bradw. 40; Hayworth v. Taylor, 108 Ill. 275; Holden v. Holden, 24 Ill. App. 106; Vansant v. Allmon, 23 Ill. 26.

The mortgage being a part of the bill, it is unnecessary to aver in the bill that complainant is by the terms of the mortgage entitled to receive a solicitor's fee; that fact is sufficiently shown by the mortgage itself, which is a part of the bill. Telford v. Garrels, 132 Ill. 555.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Defendants in error filed a bill to foreclose a mortgage, which concluded with the general prayer for relief. The

notes and mortgage were attached to the bill as exhibits and were made a part thereof by express averment. The bill alleged a breach of the conditions of the mortgage, and that defendants in error had elected to declare the whole amount of the indebtedness due, as they had the right to do under the provisions of the mortgage. Under the general prayer the court could decree in favor of the complainants such relief as was appropriate, which in this case was the foreclosure of the mortgage for the amount due by the terms thereof.

James T. McCasland and Julia E. McCasland, the makers of the notes and mortgage, filed their answers to the bill. A decree *pro confesso* was rendered against David C. Lusk, who filed no answer. The cause was referred to the master in chancery to take and report the evidence, together with his findings of fact and conclusions of law. The master made his report and the court rendered a decree based upon the master's findings and conclusions, foreclosing the mortgage and ordering a sale of the mortgaged premises, to satisfy the amount due defendants in error under the decree.

Plaintiffs in error, the McCaslands and Lusk, have made the same assignment of errors and have presented two briefs, prepared by different attorneys, containing substantially the same arguments in support of their claim that the decree is erroneous and should be reversed. The first four of the errors assigned relate to the alleged insufficiency of the allegations of the bill, and the fifth and last to the alleged failure of the decree to find and declare the rights of Lusk as a party to the suit.

The master's report finds that there is due to the complainants from the defendants, as principal and interest and taxes, the sum of $15,013.16; that a reasonable fee for complainants' solicitors is $500, and that the mortgage should be foreclosed, and the premises described therein sold for the payment of these amounts. No exceptions were taken or filed to the master's report, either before the master or in the Circuit Court; therefore plaintiffs in error can not allege in this court that the evidence taken by the master was not sufficient to support the findings of his report, or

the decree of the court based thereupon. Cheltenham Improvement Co. v. Whitehead, 128 Ill. 279.

But it is said that the sum of $15,013.16, under the language of the decree, is in part for moneys paid on insurance, as well as for the amount due on the notes, and that no decree for insurance can be sustained, because of the insufficency of the allegations of the bill as to this item.

It is true that the decree finds that the sum of $15,013.16 is for the amount due on the notes, and for the amounts paid for "taxes and insurance and interest on said sums," but it is also true that the decree is based upon the master's report, which is copied into the decree and made a part thereof, and that the master's report finds expressly that the sum of $15,013.16 is for the amount due on the note and for taxes. The parts of the decree must be harmonized, if that can be done, and this leads to a rejection of the word " insurance," as having been used inadvertently in the preparation of the decree.

No part of the amount of the decree being for moneys advanced for insurance, we need not consider whether or not a decree for such moneys could be sustained under the allegations of the bill.

But it is said that the bill is not sufficient to allow a decree even for moneys advanced for taxes. The mortgage, which is a part of the bill, provides that, in any suit to foreclose the mortgage, the court may, " on the motion of the plaintiff," allow the creditors "all sums advanced for taxes, assessments, insurance, or for any other proper purpose, in order to protect this security, with interest on such advances at the rate of eight per cent per annum." The bill alleges, among other things, that there is due the complainants " the taxes of the last year, which the complainants have paid." These allegations were sufficient to authorize the allowance of moneys advanced for the taxes of one year, at least.

It is argued that the decree is for $239.91 more than the amount due on the notes and the taxes for the year referred to, with interest thereon. We decline to inquire into the

correctness of this assertion, for two reasons: In the first place, no exceptions were filed to the master's report, and the sufficiency of the evidence to support the findings can not be raised for the first time in this court.  Cheltenham Improvement Co. v. Whitehead, *supra*.  In the second place, no part of the evidence, which begins on the 21st page and ends on the 112th page of the record, has been abstracted, and we decline to search the record to ascertain whether the decree includes the taxes advanced for one or two years. C., P. & St. L. Ry. Co. v. Wolf et al., 137 Ill. 360; Joliet Street Ry. Co. v. McCarthy, 42 Ill. App. 49; McGillis et al. v. Anderson, 44 Id. 601.

Moreover, we are unable to see why moneys advanced for taxes may not be allowed without further allegations on the subject in the bill than the provisions of the mortgage when that instrument is made a part of the bill, just as is done with reference to solicitor's fees under the authority of such cases as Telford v. Garrels et al., 132 Ill. 560, and Dates et al. v. Winstanley et al., 53 Ill. App. 623.  At the same time it is proper to suggest that bills for foreclosure should be framed with such care as to prevent a litigant, who has no defense on the merits, from raising these questions in an appellate court.  The safe way is the best way; and the safe way is to claim in the bill specifically those items for which a foreclosure is desired.

One other point remains to be considered.  It is said that the decree is erroneous in leaving Lusk's position undefined and his rights unadjudicated.

The amended bill alleges that Lusk claims some interest in the real estate described therein as a "subsequent grantee."  The decree *pro confesso* against this defendant amounts to a finding that he is a subsequent grantee, whose rights are subordinate to those of defendants in error, but who has, nevertheless, the right to redeem from a sale of the premises.  It would have been better to make the finding of the decree more specific upon this point.  As it is, however, Lusk's position is sufficiently defined, and he can not have the decree reversed on this ground.

The decree is affirmed.