## Kerr Thread Co. v. Star Knitting Works, Max Abrahams, Julius Abrahams, Mrs. K. G. Peterson, Belding Bros. & Co., M. M. Belding, A. N. Belding, W. A. Stanton, Herman Prenzlauer and The Continental National Bank.

1. SALES—*By Insolvent Persons.*—Where creditors obtain a good title to property by purchase from a debtor, they have a right to use it as they deem best to enable them to realize in cash the amounts due them and paid by them as the consideration for the transfer.

2. EQUITY PRACTICE—*Discretion in Referring Cases to the Master.*— The reference of a case to the master is a matter within the reasonable discretion of the trial court, and where it does not appear that this discretion was not properly exercised, the reference will be allowed to stand.

3. AMENDMENTS—*To the Record After the Term.*—Amendments to the record after the close of the term at which the case was finally disposed of should not be allowed where there is no memorandum, minute or note of the judge which can be made a part of the record by which to amend; the mere recollection of the judge, or affidavits of witnesses as to their recollection of what was said or done, do not supply the place of such minute or memorandum so made and preserved as a part of the record.

**Creditor's Bill.**—Trial in the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Hearing and decree dismissing the bill. Error by complainant. Heard in the Branch Appellate Court of the First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

## STATEMENT.

This was a creditor's bill filed July 22, 1895, by plaintiff in error. It sets forth that a judgment was recovered in the Circuit Court against the Star Knitting Works, a corporation, July 19, 1895; that on or about July 11, 1895, the corporation transferred all its assets and tangible property to certain of its alleged creditors; that these conveyances were made with intent to hinder and delay the plaintiff in error in the collection of its judgment; that the consideration for the transfers was inadequate; that the transferees are converting the property so conveyed to them into cash, not only for the collection of their own debts, but for the purpose of aiding the debtor corporation and hindering and delaying its creditors; and that the debtor has also assigned and transferred its book accounts. The bill prays for a disclosure, the appointment of a receiver, that defendants be decreed to pay complainant's judgment, and for general relief. The bill was amended July 29, 1895, making new defendants, charging a conspiracy on the part of the defendants to defraud, and that there was no actual sale of the assets by the debtor, but a colorable transfer and secret trust.

The answer of the debtor corporation admits the recovery of the judgment, denies all conspiracy, and states that the transfer of its assets was made in payment and satisfaction of debts due and owing the grantees, and in good faith, for the sole purpose of paying such debts.

The defendants to whom the property was transferred also answer, stating that they each purchased certain of the debtor's assets, and that the consideration paid was the cancellation of indebtedness due to them respectively, and that the transfer subsequently made by them was for the same consideration which they paid; in other words, the payment of their debts.

A receiver was appointed for the Star Knitting Works. The cause was heard in open court and bill dismissed for want of equity at the cost of plaintiff in error.

CRATTY BROS., JARVIS & CLEVELAND, attorneys for plaintiff in error.

JAMES A. PETERSON, attorney for defendants in error.

MR. JUSTICE FREEMAN, after making the above statement, delivered the opinion of the court.

The record in this cause is voluminous, and numerous errors are assigned; but the substance of them is that the court erred in dismissing the bill for want of equity, and in refusing to hold the original transfers by the judgment debtor, and especially the sale of the machinery and book accounts to Belding Bros. & Co., void as against the complainants.

The evidence tends to show that the debtor corporation owed the plaintiff in error for material purchased, and being unable to pay the debt when due, sought to obtain an extension. This being refused and suit commenced against it, its managers, considering that a judgment and execution would break up the business and enable plaintiff in error to obtain payment at the expense of the other creditors, determined to protect the creditors who were not pressing

them. Accordingly, the debtor transferred all its assets, in payment of what it owed to the bank, to Belding Bros. & Co. and to one Prenzlauer.

It is contended by plaintiff in error that these transfers were not made in good faith. But no facts are alleged from which bad faith can be inferred, and it is not contended in the brief filed by plaintiff in error that the debtor corporation was not, in fact, indebted to the parties to whom the transfers were made. We find no sufficient evidence tending to show that the transferees were fraudulently seeking to hinder and delay other creditors. They were entitled to payment of their own debts, even though such payments exhausted the assets.

It is by no means clear that by a forced sale of the property so transferred, enough could have been realized to pay the debts due them, or that the consideration paid was inadequate.

But it is said that the subsequent transfer to Mrs. Peterson by the purchasers, and allowing her to reorganize and run the business, is evidence of a fraudulent purpose to enable the original stockholders to obtain control, " subject only to the debt or liability of these three creditors." The evidence fails to justify such a conclusion. If these three creditors obtained a good title to the property by the purchase, then they had a right to use it as they deemed best to enable them to realize in cash the amounts due them and paid by them as the consideration for the transfer.

It is said the transfer of the book accounts to Belding Bros. & Co. was fraudulent. But the evidence fails to sustain the charge. It is quite possible that they may in the end realize more than their debt, but it is not clear at all that this has been or will be the result.

Nor can we agree with counsel for plaintiff in error that it was error for the trial court to deny the motion for reference to a master. This was a matter within the reasonable discretion of the trial court, and it does not appear that this discretion was not properly exercised. We think it was. The bill did not seek for an accounting.

We find no substantial error in the rulings of the trial court upon the merits.

In view of the conclusion thus reached, there is no occasion to consider the motion to strike the reply brief from the files, nor to discuss the point made by defendant in error that the certificate of evidence filed June 30, 1896, in the trial court, is improperly in the record. It has been repeatedly held that amendments to the record after the close of the term at which the case was finally disposed of should not be allowed, where there is no memorandum, minute or note of the judge, which can be made a part of the record, by which to amend; and that the mere recollection of the judge or affidavits of witnesses as to their recollection of what was said or done, do not supply the place of such minute or memorandum so made and preserved as a part of the record. Dougherty v. People, 118 Ill. 160; Horner v. Horner, 37 Ill. App. 199; People v. Anthony, 129 Ill. on p. 222.

The decree of the Circuit Court is affirmed.