## Henry Abraham Harris v. George Schilling.

1. PRACTICE—*Court May at Any Time Amend Entry of Judgment to Make it Conform to that Actually Rendered.*—The court may at any time, even after expiration of the term when judgment was entered, amend the entry thereof so as to make it conform to the judgment which the court actually rendered.

Harris v. Schilling.

2. Master in Chancery—*Fees Given to Master by Statute Allowable Although Itemized Under Anot er Name.*—The fact that fees allowed by statute to a master in chancery are itemized as stenographer's fees for taking and transcribing testimony taken before the masters in chancery, instead of being referred to as the master's fee for such service, is immaterial, so long as the amount is correct under the statute.

3. Chancery Practice—*Defendant May, by Agreement, Waive the Necessity of a Default and Order Pro Confesso.*—The parties to a bill in equity may, by agreement, waive the necessity of a default and order *pro confesso*, and a decree, if warranted by the evidence, would be binding.

**Bill to Foreclose a Trust Deed.**—Appeal from the Circuit Court of Cook County; the Hon. George W. Brown. Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed May 19, 1903.

Appellee filed a bill to foreclose a trust deed given to secure notes for $3,000, of which $1,000 remained unpaid. Appellant filed a plea in bar, in which he claims to have been ready to pay the balance of the debt March 24, 1899, and to have requested complainant to meet him at the office of his attorney upon that date to receive payment; that appellee replied he could not be there on that day, but would be there March 29th, and meanwhile would not permit foreclosure proceedings to be commenced, and that appellant might have two months more time; that March 29th, appellant was at the office of his attorney ready, able and willing to pay the debt, but that appellee did not appear. It is charged that appellee conspired to place upon appellant the additional expense of foreclosure and solicitor's fees, and in pursuance of this plan, began the foreclosure proceedings on the 28th of March, the day preceding that upon which he had agreed to meet appellant and receive the payment.

Issues were joined upon this plea, and a reference had to a master to take evidence and report his conclusions. Appellant introduced testimony tending to support the averments of the plea. He stated, in substance, that on the 29th of March appellee, Schilling, did not appear as he had agreed; that appellant found him at the office of one Emil H. Schintz; that appellant's attorney left at once, telling

Schilling he was going to bring over the money to pay the debt; that while the attorney was gone, Schilling's lawyer, by word and gesture, directed Schilling to go out, which the latter did; that appellant followed Schilling asking him to stay and take his money; that the latter replied that if he took it, he would have to pay Schintz and his attorney $300 for attorney's fees and that the lawyers would not let him take the money. There is other testimony corroborating this to some extent, but it is contradicted by Schilling and his witnesses. Upon the evidence the master finds that the allegations of appellant's plea were not sustained by a preponderance of the evidence.

Herbert Green and Frederick Duffy, attorneys for appellant.

Ives. Mason & Wyman, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

It is urged first that the master's findings are contrary to the evidence; that appellant sustained his plea by a preponderance of proof. We have examined the evidence preserved in the record. While it is conflicting it justifies the master's finding, and we are unable to find sufficient reason to interfere. Appellant objects that the master should not have set forth the evidence in his report, and that he has misquoted and misconstrued it in some minor respects. However this may be, we are satisfied of the correctness of the finding. In reporting his conclusions there was no impropriety in stating his reasons therefor.

. The decree of sale included an order for the sale of the whole of the premises; viz., lot 19 in block 8, Brand's Addition to Chicago, covered by the original trust deed; although a part thereof, the east thirty feet of said lot 19 had been released from the lien of the trust deed. Appellee filed his petition at a term subsequent to the entry of the decree of sale, setting up that by a clerical error the decree was erroneous in this respect, and asking that the error be corrected. The court directed the decree to be

Harris v. Schilling.

amended, basing the order upon memoranda, its files and records, and the evidence. Appellant urges that this amendment is in a matter of substance, that the error was judicial and not clerical, and that the amendment at a subsequent term constitutes error for which this court must reverse the decree. It is well understood that the court may at any time, even after expiration of the term when judgment was entered, amend the entry thereof so as to make it conform to the judgment which the court actually rendered. Under this rule, mistakes in date of judgment, in the amount caused by a mistake in calculation, in the names and descriptions of parties, in an erroneous description of the land involved, or an omitted description, have been corrected by amendments made at a subsequent term. (See Am. & Eng. Ency. of Law, 2d Ed., p. 821, title, Judgments and Decrees.) In the case before us it clearly appears from the files that the error was the result of a mistake or misprision. The original bill of complaint sets forth " that by release deed, dated April 20, 1893, and recorded in book 4334, page 11, Theodore H. Schintz, trustee, released the east thirty feet of said lot 19, and in said release it was expressly covenanted and agreed that the same should not affect the lien of the said trust deed on the remainder of the premises." It is clear, therefore, upon the record, as well as from the evidence, that the decree is not the judgment the court intended to pronounce; and if this is so, then it can not be said to have been a judicial error, as distinguished from a clerical mistake. Horner v. Horner, 37 Ill. App. 199; Marine Bank Co. v. Mallers, 58 Ill. App. 232; Davenport v. Kirkland, 156 Ill. 169–174, and cases there cited.

It is claimed that the court erred in taxing the master's fee as costs. No effort is made to show that the amount was wrong in any respect, nor in what the alleged error consists. No such allowance is included in the decree. The only sum mentioned in the decree, the allowance of which is complained of, is $42.75 for stenographer's fees. According to appellant's statement of the number of pages

of testimony taken before the master, the latter was apparently entitled to charge for taking and reporting testimony the sum thus allowed. The fact that it is itemized as " stenographer's fees for taking and transcribing testimony taken before the masters in chancery," etc., instead of being referred to as the master's fee for such service, is immaterial. The amount seems to be correct under the statute. That is the essential thing and appellant is in no way prejudiced by a misnomer. See, Roby v. Chicago Title and Trust Co., 194 Ill. 228, and cases there cited; Nutriment Co. v. Green Lumber Co., 195 Ill. 324; Schnadt v. Davis, 185 Ill. 476.

It is said that the court erred in ordering a reference to the master after the determination against appellant of the issues made by the plea, without ruling him to answer or entering his default. It is an error of which a defendant may avail himself that a final decree is entered against him without his having answered the bill, and without entering his default and taking the bill as confessed (Pyle v. Pyle, 158 Ill. 289-294), unless the necessity for such proceedings was dispensed with by reason of the cause coming on to a hearing by consent of the solicitors of both parties. A defendant may, by agreement, waive the necessity of a default and order *pro confesso*, and a decree, if warranted by the evidence, would be binding. Although the practice is loose and irregular, the waiver is within the power of the parties. Wilson v. Spring, 64 Ill. 14-17. In the case before us appellant filed his plea " which has been described as a special answer showing or relying upon one or more things as a cause why the suit should be either dismissed, delayed or barred." (1 Daniell's Chancery, 603, Chap. XV, Sec. 1.) The plea here was a plea in bar, to a part of the bill " particularly mentioned." It is followed by a brief answer, in which it is set up that " this defendant, not waiving his said plea but insisting thereupon, for answer to the residue of said bill, and in support of the said plea denies there is now due to the complainant interest," etc. An answer in support of a plea may be sufficient for that purpose, although

all the circumstances charged in the bill may not be precisely answered, "for the court will intend all matters alleged in the bill, to which the complainant is entitled to require an answer, to be against the pleader, unless they are fully and clearly denied." Daniell's Chancery, p. 625. It was not necessary, in the case before us, to rule appellant to answer, inasmuch as it does not appear that he was in default in that respect. If he had been, however, it is evident that the necessity was dispensed with by consent of the parties, appellant's counsel having proceeded with the cross-examination of complainant's witnesses, and introduced evidence in the defendant's behalf without raising the objection. If such objection had been made at the time, any irregularity, if such there had been, might have been corrected. Assuming that the objection had any validity, it would be deemed waived by appellant's consent.

Finding no error the decree will be affirmed.