## C. F. Wiehe, Defendant in Error, v. Matilda C. Eberhart and Chicago Title & Trust Company, Plaintiffs in Error.

### Gen. No. 26,172.

1. EQUITY, § 512*—*what maxim applies to decree in equity.* The maxim *id certum est quod certum reddi potest* may be applied to sustain a decree in equity which refers to certain and accessible data for determining what is otherwise uncertain on the face of the decree.

2. MORTGAGES, § 577*—*how decree of foreclosure construed.* Where the language of a decree on foreclosure proceedings of two trust deeds, each secured by a promissory note, on one of which A and B were jointly liable, and on the other A alone, erroneously added the two amounts and declared that A and B were liable for the gross amount, and it is evident from the master's report and the entire record that the intention of the chancellor was to decree A's and B's liability in their respective amounts, such decree will be given effect according to such intention, where no one has been misled or lost rights because of the language of the decree.

3. MORTGAGES, § 535*—*what may be included in decree.* While the provision of a decree in a foreclosure proceeding ordering defendants to pay their indebtedness within 3 days is proper practice, it is not a necessity.

Error to the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed February 19, 1921.

ASHCRAFT & ASHCRAFT, for plaintiffs in error; E. M. ASHCRAFT, of counsel.

SCHUYLER & WEINFELD, for defendant in error; CARL J. APPELL, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this writ of error certain defendants, Matilda C. Eberhart and Chicago Title & Trust Company, seek

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the reversal of a decree entered in a foreclosure proceeding. June 22, 1917, the bill of complaint was filed, answers and replications were also filed and reference had to a master in chancery who heard evidence and reported, recommending a decree in accordance with the prayer of the bill. No objection or exception was filed to this report and the decree in question was entered May 3, 1918, from which there was no appeal. April 30, 1920, this writ of error was sued out and reversible error in the decree is now asserted.

There is virtually no dispute as to the facts: March 4, 1915, Frank N. Eberhart, wishing to procure a loan of $25,000 and apparently not having enough real estate for security, had his mother, Matilda C. Eberhart join him in the notes and trust deed conveying with his real property certain property of hers. These tracts were described as "A," "B," "C" and "D." The title to tracts "A," "B" and "C" was in Frank Eberhart, and the title to tract "D" was in Matilda Eberhart. The trust deed contained this clause:

"The property described in tracts 'A,' 'B' and 'C' is the exclusive property of Frank N. Eberhart and the property described in tract 'D' is the exclusive property of Matilda C. Eberhart, and neither of said parties shall be deemed to have any interest or right in the property of the other by reason of the execution of said notes or this trust deed, in which both join."

The bill of complaint alleges this ownership.

September 6, 1916, Frank Eberhart, wishing to procure another loan, made his note for $3,000, conveying as security by trust deed tract "A."

August 28, 1916, Chicago Title & Trust Company was the owner by mesne conveyances of certain lots in tract "B."

The complainant, C. F. Wiehe, purchased the notes of the first loan and also the second note of $3,000, with the trust deeds securing the same. His bill was

to foreclose both incumbrances for nonpayment of principal and interest. The master to whom reference was made found, after taking evidence, that there was due $22,500 on the first loan and that other moneys had been paid by complainant for taxes, expenses with interest, and including solicitor's fees for the foreclosure proceedings, making a total liability on this loan of $31,717.17, which was a first lien on the tracts of land conveyed by the trust deed of March 4, 1915, except as to certain lots in tract "B" which had been released.

The master also recited the making of the loan of $3,000 to Frank Eberhart secured by trust deed dated September 6, 1916, conveying tract "A" subject to the lien of the trust deed of March 4, 1915, and found there was due from Frank Eberhart on this note $3,321.67. It is conceded that the master's report was correct and there were no objections or exceptions to it; no complaint is made now concerning it. But it is said that while the decree attempted to follow the master's report, it erroneously recited that there was due the complainant "from the defendants, Matilda C. Eberhart and Frank N. Eberhart, for principal and interest on said promissory notes and for cash advanced and solicitors' fees the sum of thirty-five thousand thirty-eight dollars and eighty-four cents ($35,038.84), the same being the amount found due in said master's report." The error was in adding in the decree the amount found due by the master on the first indebtedness, for which Matilda was jointly liable with Frank Eberhart, to the amount found due by the master as due on the second loan for which Frank Eberhart alone was liable, and decreeing that Frank and Matilda Eberhart were liable for the gross amount. This same error was repeated where it was ordered "that defendants, Matilda C. Eberhart and Frank N. Eberhart, or either of them, pay or cause to be paid to the complainant within three days from

the date of this decree, the sum of $35,038.84, with interest," etc., and upon default the premises described should be sold by the master in chancery.

The record shows that the master sold the property to the complainant for $35,947.55, sufficient to satisfy all incumbrances and costs. Report of sale and distribution was filed and no complaint was or is made either as to the manner of conducting the sale, the amount received, or the distribution thereof.

Matilda C. Eberhart insists that the decree should not have adjudged her to pay an amount which included the exclusive obligation of Frank Eberhart amounting to $3,000 plus interest and costs. Chicago Title & Trust Company claims, as owner of lots in tract "B," that the decree erred in holding them subject to the lien of the first trust deed and of the $3,000 trust deed.

The ineptness of the decretal language may be conceded, but does this necessitate a reversal? We hold that it does not and that the language is simply a bit of awkward phrasing, the meaning of which can be readily ascertained from the decree itself and the record in the case. Evidently what the drawer of the decree intended to say was that there was due complainant $35,038.84 in the respective amounts and from the respective defendants as stated in the master's report. We get this from the decree itself. The master's report stated the respective amounts correctly and the proper parties from whom they were due, and the opening sentence of the decree finds "that said report and the matters therein stated by said master be, and they are hereby, in all things approved and affirmed." Furthermore, the bill of complaint correctly describes the amounts and the parties indebted, and the decree finds that all the material allegations of the bill are true and refers to the notes and trust deeds described in the bill of complaint. The bill of complaint and the master's report are as

much a part of the record as is the decree, and where the decree refers to these other documents for greater particularity or where there is some ambiguity or lack of clearness in the language of the decree, reference may be had to other matters of record to make the intention clear. The maxim *id certum est quod certum reddi potest* applies here. This maxim "will sustain a decree in equity which refers to certain and accessible data for determining what is otherwise uncertain on the face of the decree." 5 Encyc. Pl. & Pr. 1067. In the following cases this maxim has been applied to make certain some vagueness in a decree: *McGee v. Smith*, 16 N. J. Eq. 462; *Jones v. Belt*, 2 Gill (Md.) 106; *Barger v. Buckland*, 28 Gratt. (Va.) 850; *Shepard v. Kelly*, 2 Fla. 634.

"* * * Where the entry of a judgment or decree is so defective or obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings, and, if with these the obscurity is dispelled and the intention of the court made apparent, the judgment or decree will be given effect according to such intention. See Freeman on Judgments, sec. 45; Black on Judgments, secs. 118, 123; *Fowler v. Doyle*, 16 Iowa 535." *Redhead, Norton, Lathrop & Co. v. Baker*, 86 Iowa 251.

Our own Supreme Court supplied an omission in a decree by the application of this legal principle in *Morrison v. Smith*, 130 Ill. 304. Other like cases are *Thain v. Rudisill*, 126 Ind. 272; *State v. White*, 40 Fla. 297, 24 So. 160. The master's report is as much a part of the record as is the bill, answer, replication or decree. *Payne v. Stuebe*, 212 Ill. App. 593; *Barnes v. Earle*, 275 Ill. 381. As was done in these cases, so we may look to the entire record in the instant case to make clear the intention of the chancellor. This was manifestly to follow the findings of the master as to the respective obligations of the parties. In view of the uncontroverted facts in the record, it

would be manifestly unconscionable to set aside the decree merely because it contains an illy-expressed intention.

What we have said above is applicable to the language of the decree ordering Matilda C. Eberhart and Frank Eberhart to pay or cause to be paid to complainant within 3 days the sum of $35,038.84. While such a provision is in accord with proper practice it is not a necessity, as there is no statutory requirement for it. *Gardner v. Cohn,* 191 Ill. 553.

If Matilda C. Eberhart had made a tender to complainant of the amount found due from her in the master's report and it had been refused, or if she had tendered for redemption a sum computed upon this basis, she might be in a position to complain, but such are not the facts. The sale was legally conducted and it produced sufficient to satisfy all the obligations. The period of redemption has expired and no one has been misled or injured or lost any rights because of the language of the decree which is criticized.

The assignments of error of the Chicago Title & Trust Company are also invalid for the reasons above expressed.

The decree is affirmed.

*Affirmed.*

HOLDOM, P. J., and DEVER, J., concur.