Lois Sinnock, Administratrix of the Estate of Benjamin
F. Trimble, Deceased, et al., Appellees, v. Spur-
geon Marney et al., Appellants.

Gen. No. 8,199.

Opinion filed May 2, 1928.

Roy D. Johnson, for appellants.

Wilson & Schmiedeskamp, for appellees.

Mr. Presiding Justice Shurtleff delivered the opinion of the court.

This suit involves the power of a court of record to amend its judgment or decree after the term, *nunc pro tunc,* as to a clerical matter, from matters appearing of record in the judgment or decree.

Henry Weber died in the county of Adams, in this State, having executed three instruments purporting to be last wills and testaments. The testator died leaving certain funds and money deposited in a bank at Quincy and other certain moneys deposited in the State Soldiers' Home at Quincy. By a purported will and testament, executed on May 11, 1917, the deceased bequeathed one of said funds and by another purported will and testament, executed August 5, 1922, the testator bequeathed the other of said funds. The two instruments were not in conflict. Upon May 2, 1923, the testator executed a third instrument as his last will and testament, purporting to bequeath all of his funds and property to appellants. This last will and testament, having been presented to the county court of Adams county and proven, appellees filed their bill in equity in the Adams county circuit court, charging incompetency on the part of said testator and undue influence on the part of appellants, and prayed that said will under date of May 2, 1923, be set aside and

be decreed not to be the last will and testament of Henry Weber, deceased. There were answers on the part of appellants and replications, and an issue of fact was made up and the cause tried before a jury. There was a verdict and decree under date of January 9, 1925, finding that the said instrument presented was not the last will and testament of Henry Weber, deceased, but that the same was void, and by decree the said instrument and its probate was canceled.

For the purpose of establishing the interest of the contestants, the court heard proofs as to the validity of the two wills executed upon May 11, 1917, and August 5, 1922, respectively, and by the decree all of the facts are established necessary to the validity of said instruments, together with the contents thereof. In the bill of complaint, answers, the issue of fact made up and the proofs, the pretended will of May 2, 1923, made in behalf of appellants, was identified and described with sufficient clearness to distinguish it from the two former wills, and to show its substance and its date as executed, May 2, 1923. The decree in its recitals finds that the will contested was dated May 2, 1923, and further finds that the former wills of date May 11, 1917, and August 5, 1922, were legal and binding wills; nevertheless, the decree, in the ordering clause, states, ''doth order, adjudge and decree that said instrument in writing of date the 2nd day of May, 1917, purporting to be the last will and testament of said Henry Weber, deceased, and the probate of said will in the County Court of Adams County and the proceedings thereunder be and the same are hereby set aside and declared null and void.'' There was no will presented under date of May 2, 1917, and no will of Henry Weber had ever been probated in the Adams county court except the said will of May 2, 1923. The cause was appealed to this court where the decree of the lower court was affirmed. (*Trimble v. Marney*, 242

Ill. App. 656, the abstract of the case, shows a reversal being a typographical error.) A petition for certiorari to the Supreme Court was denied.

Appellees in this proceeding, after the remandment of the cause from this court, on the appeal, presented their petition to the circuit court of Adams county asking to amend the said decree of January 9, 1925, *nunc pro tunc,* to show that the instrument and pretended will set aside and declared void in said proceeding was dated "May 2nd, 1923," in place of "May 2nd, 1917," as written in the decree. Appellants appeared, answered the petition and proofs were heard. The court granted the prayer of the petition, caused the decree of January 9, 1925, to be amended *nunc pro tunc,* as of that date, and ordered and decreed that the purported will of May 2nd, 1923, and the probate of said will in the county court of Adams county and the proceedings thereunder be set aside and declared null and void. From this order amending said decree appellants have appealed and the record is before this court for review.

Appellants' contention against this order is that the petition is in the nature of a bill for review to correct errors appearing upon the face of the record, and that such proceeding will not lie after an affirmance of the decree upon appeal. It is contended that the court was without jurisdiction to make the order after the adjournment of the term, and that appellees were guilty of laches, not having moved for the relief until two and one-half years after the entry of the decree. We do not agree with any of these contentions. There is no error appearing upon the face of the record such as may be contemplated in and requiring a bill to review. The whole record shows plainly and succinctly that the order and decree of the court on January 5, 1925, was that the purported will of May 2, 1923, was set aside and declared void, but that by a clerical error

of the solicitor or clerk or both, the order was entered reciting the date of the will as May 2, 1917.

Section two of chapter seven of the Revised Statutes, Cahill's St. ch. 7, ¶ 2, provides:

"After judgment rendered in any cause, any defects or imperfections in matter of form, contained in the record, pleadings, process, entries, returns or other proceedings in such cause, may be rectified and amended by the court in affirmance of the judgment, so that such judgment shall not be reversed or annulled; and any variance in the record from any process, pleading or proceeding had in such cause, shall be reformed and amended according to such original process, pleading or proceeding."

Section six of said chapter seven, Cahill's St. ch. 7, ¶ 6, also provides:

"Judgment shall not be arrested or stayed after verdict, nor shall any judgment upon verdict or finding by the court, or upon confession *nil dicit* or *non sum informatus,* or upon any writ of inquiry of damages, be reversed, impaired, or in any way affected, by reason of any of the following imperfections, omissions, defects, matters or things in the process, pleadings, proceedings or records, namely: * * *

"*Tenth*—For any mistake in the name of any party or person, or in any sum of money, or in the description of any property, or in reciting or stating any day, month or year, when the correct name, time, month or description shall have been once rightly alleged in any of the pleadings or proceedings. * * *

"*Fourteenth*—For any other default or negligence of any officer of the court, or of the parties or their counselors or attorneys, by which neither party shall have been prejudiced."

Under this, the widest latitude is granted to courts to amend their records and cause them to speak the truth in all clerical matters and in matters of sub-

stance where there is some memorial before the court from which the amendment may be made, "by which neither party shall be prejudiced."

In a case very similar to the case at bar, *Hunter v. Empire State Surety Co.*, 191 Ill. App. 634, which was in replevin to recover the possession of an automobile, judgment was rendered in favor of the defendant. From this judgment an appeal was taken to the Appellate Court where the judgment was affirmed. After the affirmance by the Appellate Court the defendant in the replevin suit brought suit on the bond, wherein objection was made to the insufficiency of the judgment which was merely an abbreviated minute by the clerk. Whereupon an order was entered in the replevin suit by a judge other than the one who rendered the judgment, directing that the judgment rendered in the replevin suit be recorded, in full form, *nunc pro tunc,* as of the date it was rendered, after which it was offered in evidence in the suit on the bond and judgment was entered for the plaintiff. This judgment was affirmed by the Appellate Court, the court holding that the record of the judgment as entered *nunc pro tunc* was admissible in evidence in the suit on the replevin bond. The court held:

"The entry that was made on the docket of the Municipal Court on April 7, 1909, was a memorandum of that character. It was not a judgment. The judgment was a fact, however, from the moment it was pronounced by the court, and the memorandum made at that time, while it was neither itself the judgment nor a formal record of the judgment, was a sufficient minute of the proceedings to enable the clerk to enter the judgment of record in proper form. It has been repeatedly held that where such a memorandum or minute is made by the clerk or the judge upon some official book, document or paper at the time a judgment is pronounced, the court may at any time thereafter,

by an order entered *nunc pro tunc,* cause the record to show in proper, technical form the judgment that was, in fact, *rendered* by the court. *Gebbie v. Mooney,* 121 Ill. 255; *Chicago, M. & St. P. Ry. Co. v. Walsh,* 150 Ill. 607; *Metzger v. Morley,* 197 Ill. 208. In the case last cited, the court quotes with approval the following from Freeman on Judgments, sec. 61: 'The entry of a judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court but the clerk has failed or neglected to copy it into the record.' The only qualification of this rule is that the subsequent order must be based upon 'some note or memorandum from the records or *quasi* records of the court, or by the judge's minutes, or some entry in some book required to be kept by law, or in the papers on file in the cause.' *Wesley Hospital v. Strong,* 233 Ill. 153.''

In *Wiehe v. Eberhart,* 220 Ill. App. 480, 484, it is held: ''The maxim *id certum est quod certum reddi potest* applies here. This maxim 'will sustain a decree in equity which refers to certain and accessible data for determining what is otherwise uncertain on the face of the decree.' 5 Encyc. Pl. & Pr. 1067. In the following cases this maxim has been applied to make certain some vagueness in a decree: *McGee v. Smith,* 16 N. J. Eq. 462; *Jones v. Belt,* 2 Gill (Md.) 106; *Barger v. Buckland,* 28 Gratt. (Va.) 850; *Shepard v. Kelly,* 2 Fla. 634.

'' '* * * Where the entry of a judgment or decree is so defective or obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings, and, if with these the obscurity is dispelled and the intention of the court made apparent, the judgment or decree will be given effect according to such intention. See Freeman on Judgments, sec. 45; Black on Judgments, secs. 118, 123; *Fowler v. Doyle,* 16 Iowa 535.' *Redhead, Norton, Lathrop & Co. v. Baker,* 86 Iowa 251.

"Our own Supreme Court supplied an omission in a decree by the application of this legal principle in *Morrison v. Smith*, 130 Ill. 304. Other like cases are *Thain v. Rudisill*, 126 Ind. 272; *State v. White*, 40 Fla. 297, 24 So. 160. The master's report is as much a part of the record as is the bill, answer, replication or decree. *Payne v. Stuebe*, 212 Ill. App. 593; *Barnes v. Earle*, 275 Ill. 381. As was done in these cases, so we may look to the entire record in the instant case to make clear the intention of the chancellor. This was manifestly to follow the findings of the master as to the respective obligations of the parties. In view of the uncontroverted facts in the record, it would be manifestly unconscionable to set aside the decree merely because it contains an illy-expressed intention."

In *McCasland v. Allen*, 60 Ill. App. 285, 289, it is held: "It is true that the decree finds that the sum of $15,013.16 is for the amount due on the notes, and for the amounts paid for 'taxes and insurance and interest on said sums,' but it is also true that the decree is based upon the master's report, which is copied into the decree and made a part thereof, and that the master's report finds expressly that the sum of $15,013.16 is for the amount due on the note and for taxes. The parts of the decree must be harmonized, if that can be done, and this leads to a rejection of the word 'insurance,' as having been used inadvertently in the preparation of the decree."

In *People v. Artesian Stone & Lime Works Co.*, 150 Ill. App. 192, it is held:

"Appellee contends that this decree was improperly admitted in evidence and cannot now be considered: first, because of the failure to offer in evidence the pleadings on which it was based; second, because, in the decretal part, the property is described as being in range 12 instead of in range 13. The property, however, is not only correctly described in the findings of the court, but moreover it is shown that no piece of

land would fully answer the complete description con-
tained in the decretal part. The mistake is evidently
purely clerical and may, under the circumstances, be
disregarded.''

The certificate of evidence in a chancery case is a
part of the record and of the decree. (*Crow v. Har-
rison,* 248 Ill. 462, 466; *Railway Passenger and Freight
Conductors Mut. Aid & Benefit Ass'n v. Leonard,* 166
Ill. 154; *Bennett v. Bradford,* 132 Ill. 269.)

The answer of appellants in the will contest case
in which the will of May 2, 1923, was fully set out,
admits the execution of said will and avers that it was
the last will and testament of Henry Weber, deceased,
and in the decree it is set out: ''The court having
heretofore directed an issue of law to be made up
whether the instrument in writing of date the second
day of May, A. D. 1923, set out in the bill of com-
plaint, purporting to be the last will and testament of
Henry Weber was the last will and testament of said
Henry Weber or not, and a jury, * * * having
been duly called, selected and sworn to try the said
issue; * * * and having found by their verdict that
the said instrument in writing was not the last will
and testament of said Henry Weber,'' etc. The de-
cree further recites: ''And the court being advised
by the verdict of said jury and the evidence heard in
open court doth find that the allegations of said bill
have been substantially proven and doth order, ad-
judge and decree that *said instrument in writing* of
date the 2nd day of May, A. D. 1917, purporting to
be the last will and testament of said Henry Weber,
deceased, and the probate of said will in the County
Court of Adams County and the proceedings thereunder
be and the same are hereby set aside and declared null
and void.'' Nothing could be plainer than that the
court intended and did declare the will of May 2, 1923,
null and void and this is shown by the entire record,

and it is apparent that the figures "1917" instead of "1923" are a mere clerical error which the court had ample authority, if necessary, to correct. Where the decree is not the judgment the court intended to pronounce, it cannot be said to have been a judicial error as distinguished from a clerical mistake: (*Harris v. Schilling,* 108 Ill. App. 116, 119; *Horner v. Horner,* 37 Ill. App. 199; *Marine Bank Co. v. Mallers,* 58 Ill. App. 232; *Davenport v. Kirkland,* 156 Ill. 169, 174.)

In *Davenport v. Kirkland, supra,* it is held:

"The first contention made on behalf of the appellant is, that the court had no power, after the term at which the decree was entered had elapsed, to amend the decree by correcting the name of one of the parties therein mentioned. The rule applicable to amendments or alterations of decrees in chancery after the lapse of the term is substantially the same as that prevailing in cases of judgments at law, and is confined to mere clerical errors or matters of form, or to matters which are quite of course. (*Lilly v. Shaw,* 59 Ill. 72; *Hurd v. Goodrich,* id. 450.) But this rule, as applied both to judgments at law and to decrees in chancery, does not deprive courts of the power, at a subsequent term, to correct matters of mere form in their judgments, or misprisions of their clerks, or the right to correct any mere clerical errors, so as to conform the record to the truth. In short, any amendments permissible under the Statute of Amendments and Jeofails may be proper at a subsequent term, and even after a writ of error has been brought. (*Cook v. Wood,* 24 Ill. 295; *Coughran v. Gutcheus,* 18 id. 390.) In *Cooley v. Scarlett,* 38 Ill. 316, it was held that where a circuit judge had inadvertently signed a decree containing erroneous recitals of the proof, he might correct it at a subsequent term, on his becoming satisfied that an error in that respect had been committed. And in *Palmer v. Harris,* 100 Ill. 276, the court, at a sub-

sequent term, amended the decree, on motion of the complainant, so as to reduce the sum ordered to be paid to him, and such amendment was held to be proper.''

Appellants invoke the doctrine of laches. We find no rule of limitation upon courts preventing them from correcting their records at any time, in a proper case, so long as the rights of third parties have not intervened. (*Church v. English,* 81 Ill. 442, 443; *People v. Holmes,* 312 Ill. 284, 286.)

Finding no error in the record, the decree of the circuit court of Adams county is affirmed.

*Affirmed.*